Tucker, P.
This was an action brought in the
name of the first assignee, for the benefit of the last assignee, against the first assignor, to recover ba’ek the amount paid for a bond, the obligor having proved insolvent. The defendant pleaded the assignment to the last assignee in bar of the action, and the court below sustained the plea. This I think was erroneous.
Before the act of 1807, which gave to the last assignee a right to maintain an action at law against a remote assignor, his remedy was either in equity, (Riddle & Co. v. Mandeville &c., 5 Cranch, 322,) or he was entitled to institute an action at law for his own benefit, in the name of his assignor, against the remote assignor. 1 T. R., 26, 619; 4 T. R., 340; Garland v. Richeson, 4 Rand. 268. The act of 1807, does not take away or impair that right. It only provides that “hereafter the assignee shall be entitled to recover from any previous assignor or assignors.” It.does not follow, because he is entitled to recover in his own name under this statute, that he can no longer sue in the name of his assignor for his own benefit. The case of Garland v. Richeson, 4 Rand., 266, is pregnant with proof that a party may proceed under the statute or as at common law. The argument in that case is a fortiori in this: for although it has been much doubted whether the assignment of a bond did not pass the legal title to it, it cannot be supposed that an assignment can pass a legal title to the implied contract between the assignor and assignee. It is not perceived how such implied contract could be the subject of such legal transfer. The right is, after all, but equitable, though it is authorized by statute to be enforced by action at law. I think, *217 therefore, it is in the election of the last assignee to sue either in his assignor’s name, and for his own benefit, or in his own name, under the statute. If he pursues the former course, the court of law will take notice of his equitable right, will permit the action to proceed in the name of the assignor, for his benefit, and will protect it against the interference of the assignor. 4 Rand., 268. Upon the same principles, it will not permit the assignee’s rights to be defeated by the plea of a title outstanding, not in another, but in himself. In Winch v. Keeley, 1 T. R., 619, the defendant pleaded that the plaintiff was a bankrupt, and that the balance due from him to the plaintiff was payable to his assignees, and so he was not entitled to sue. The plaintiff replied, that before his bankruptcy he had transferred this balance to one Searle, and that the suit, though in his name, was for Searle’s benefit. Judgment for the plaintiff’: from which it is clear that a court of law will look to the person really entitled in equity to the debt, and will protect his rights accordingly. So, too, in Bottomley v. Brooke, cited 1 T. R., 621, to debt on bond the defendant pleaded that the bond was given in trust for one E. Chancellor, and that before action brought, E. C. was indebted to the defendant more than the amount of the bond. The plaintiff’ demurred, but withdrew his demurrer by advice of the court. So in Rudge v. Birch, and Webster v. Scales, cited 1 T. R., 622, it was decided that the interest of a trustee did not pass as part of a bankrupt’s effects. All these cases are recognized in Winch v. Keeley, and in Master v. Miller, 4 T. R., 341. According to them, the defendant might have pleaded that •the last assignee, for whose use the suit was brought, was indebted to her more than the amount of the plaintiff’s demand; and if so, if she would be entitled to consider him as plaintiff, she ought not to have been permitted to treat him as a third party holding a title *218 adverse to the demand in that action. The plea, therefore, should have been overruled.
The second plea falls within like objections, and must share the same fate.
Lastly, we come to consider what judgment shall be entered. There were two distinct judgments in the court below; the first, for the defendant upon the demurrer, which we deem erroneous; the last, upon a verdict for the defendant on the trial of the issue on the second count. As to this, there is no error assigned, nor do we perceive any. I am, therefore, of opinion to affirm the judgment on the second count, and reverse that upon the first count, entering judgment for the plaintiff upon the demurrer, and sending the cause back for a trial upon the plea to that count, and such further proceedings as may be found proper. And this upon the authority of Everard v. Paterson, 6 Taunt., 645; S. C., 2 Marsh., 304; and Campbell v. French, 6 T. R., 200.
The following entry was concurred in by all the judges:
“ The court is of opinion that the judgment of the Circuit Court, in so far as it was considered that the second and third pleas of the defendant, pleaded to the first count in the declaration, were good and sufficient in law to bar the plaintiff’s action on the said count, and that the plaintiff take nothing by his first count, but that the defendant go thereof without day; and also, in so far as it was considered that the defendant recover against the plaintiff her costs by her about her defence in that behalf expended, and that the said plaintiff take nothing by his bill, but be in mercy,' &c., is erroneous. And the court is further of opinion, that so far as respects the second count in the said declaration, there is no error in the proceedings thereupon, and that the defendant was entitled to her judgment *219 upon the said count, that the plaintiff take nothing by his said count, but without costs. Therefore, it is considered by the court, that the said judgments be reversed and annulled,” with costs. “And this court, proceeding to give such judgment, &c., it is considered by the court that the plaintiff take nothing by the second count in his declaration, but that the defendant go thereof without day. And as to the demurrer of the plaintiff to the defendant’s second and third pleas to the said first count in the declaration, it appears to the court here that the said pleas, and the matters therein contained, are not sufficient in law to bar the plaintiff from having and maintaining his action against the defendant on his said first count: Therefore, it is further considered that the plaintiff’s demurrer to the said pleas be sustained, and that those pleas be overruled. And the cause is remanded to the said Circuit Court ror rurther proceedings THEREIN UPON THE ISSUE IN RACT ALREADY MADE UP ON THE SAID RIRST COUNT OR THE DECLARATION, OR SUCH OTHER ISSUE OR ISSUES AS MAY BE MADE UP BETWEEN THE PARTIES, IN CASE THE PLEADINGS SHOULD BE AMENDED BY LEAVE OR THE COURT, ROR GOOD CAUSE SHEWN.”